United States District Court
Southern District of Texas
**ENTERED**
September 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD BEALEFIELD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-04748 |
| | § | |
| DEANA WILLIAMSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Edward Bealefield, an inmate in the Texas Department of Criminal Justice ("TDCJ"), filed this lawsuit alleging violations of his civil rights.

## I. Background

Defendant Marilyn Burgess is the Harris County Clerk. It appears from the Complaint that defendant Deana Williamson works in the Clerk's Office for the Texas Court of Criminal Appeals. Defendant Ruth Deberiey is identified as the Court Coordinator for the 176th District Court. Bealefield alleges that the defendants failed to notify him about a remand of his state habeas corpus application and failed to provide him with documents filed in his state habeas proceedings. He contends that this denied him procedural due process.

On November 17, 2025, this Court dismissed the Complaint with prejudice under 28 U.S.C. § 1915A for failure to state a claim on which relief can be granted. The Court rejected Bealefield's due process claim on the grounds that Bealefield

> does not allege that he ever moved either the 176th District Court or the Court of Criminal Appeals for relief to remedy any harm caused by the alleged clerical oversights. Bealefield was not denied due

> process; he had available to him the process of moving for appropriate relief such as an extension of time or reconsideration of an order based on the defendants' alleged failures.

Doc. # 7 at 2.

On December 10, 2025, Bealefield filed a document titled "Objections," and a Notice of Appeal. On September 14, 2026, the Fifth Circuit issued an order construing the objections as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure and remanding the case to this Court for consideration of that motion.

## II. Standard of Review

A motion to alter or amend under Fed.R.Civ.P. 59(e) "must clearly establish either a manifest error of law or must present newly discovered evidence." *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)(internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate where there has been an intervening change in controlling law." *Id.*

## III. Analysis

Bealefield argues that this Court did not carefully read his complaint, stating that "On page 4 of his Complaint, he clearly and indisputably states . . . that he filed THREE motions for out of time appeal," and therefore gave the defendants opportunity to correct their alleged error. Rule 59(e) Motion (Doc. # 8) at 2-3. In fact, neither page 4 nor any other page of the Complaint says any such thing. *See* Doc. # 1. Bealefield thus fails to identify any manifest error of law or fact in this Court's dismissal order.

## IV. Conclusion

For the foregoing reasons, Bealefield's Motion to Alter or Amend the Judgment (Doc. # 8) is **DENIED**.

It is so ORDERED.

SIGNED on September 21, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge